

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50205 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00117-BEN-1 |
| v. | |
| BLADIMIR MARTINEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 1, 2016
Pasadena, California

Before:  REINHARDT and WARDLAW, Circuit Judges, and WHYTE,** District
Judge.

Bladimir Martinez ("Martinez") appeals his conviction and sentence for

being a removed alien found in the United States in violation of 8 U.S.C. § 1326.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Ronald M. Whyte, United States District Judge for the
Northern District of California, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Martinez's conviction.[1]

**1.**     The district court did not err in denying Martinez's motion to dismiss the information. Martinez moved to dismiss on the ground that his 2012 removal, a predicate element of the charge against him, was fundamentally unfair. *See* 8 U.S.C. § 1326(a), (d). To demonstrate fundamental unfairness, Martinez must show (1) that the removal proceeding violated his due process rights and (2) that he suffered prejudice as a result. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012). We need not decide whether the proceeding violated Martinez's due process rights, because he cannot establish prejudice. He was not prejudiced because there were no "'plausible grounds' on which he could have been granted relief from removal" in 2012. *See id.* at 1049.

Because of his 2010 conviction for an aggravated felony, Martinez was barred from obtaining asylum, withholding of removal, or discretionary forms of relief. *See id.* at 1050. The only relief for which he was eligible was deferral of removal under the Convention Against Torture ("CAT"). *See id.* To obtain relief, Martinez would have needed to show that, under the circumstances present in 2012,

---

[1] In a concurrently filed opinion, we vacate Martinez's sentence because the district court received and answered a question from the jury during deliberations in violation of Federal Rule of Criminal Procedure 43 and the Sixth Amendment.

2

it was "more likely than not" that he would be tortured upon removal to Guatemala with the consent or acquiescence of a public official. *See* 8 C.F.R. §§ 208.16(c), 208.17(a); *Cole v. Holder*, 659 F.3d 762, 770–71 (9th Cir. 2011).

Martinez could not have made that showing in 2012. While Martinez presents evidence that, before leaving Guatemala in 2005, he received death threats from fellow gang members for refusing to comply with their demands, these threats were too vague and remote in time to establish that he was likely to be tortured upon his return in 2012. Moreover, the record suggests that Martinez lived in Guatemala without incident for some time after the threats were made. Therefore, the vague threats could not constitute past torture that would have raised an inference of future torture. *Cf.* 8 C.F.R. § 208.18(a)(4)(iii) (stating that torture encompasses mental harm caused by "[t]he threat of imminent death"); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats were insufficient to establish past persecution for purposes of asylum, which has a lower standard of proof than for CAT protection).

Martinez argues that the presence of a partially removed gang tattoo on his body made it "more likely than not" that he would be tortured upon his return to Guatemala. However, Martinez's tattoo is inconspicuous and easily covered by a shirt. Therefore, it was unlikely to make him a target for attacks. *Cf. Andrade v.*

3

*Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015) (stating that gang tattoos may provide support for a CAT claim when they are conspicuous). Furthermore, the country conditions reports Martinez cites describing gang violence in Guatemala do not, without more, indicate that Martinez himself was likely to be a target of the violence. *See Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011) (stating that while "country reports contain[ed] generalized evidence suggesting a relatively high level of mistreatment and abuse" in the country of removal, the "*specific* circumstances" of the petitioner's case did not indicate that he would be harmed or mistreated).

2.      The district court did not abuse its discretion in denying Martinez's request for an evidentiary hearing. Crediting all of Martinez's evidence, Martinez cannot establish that his 2012 removal was fundamentally unfair because he cannot show that any alleged due process violation prejudiced his ability to obtain relief. Therefore, he was not entitled to an evidentiary hearing. *See United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) ("[I]f the affidavits show as a matter of law that appellant was or was not entitled to relief, no hearing was required.").

**AFFIRMED.**